UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patrick A. Carlone,

    Plaintiff,

Case No. 16-cv-4273 (DWF/SER)

v.

**REPORT AND RECOMMENDATION**

City of St. Paul,

    Defendant.

Patrick A. Carlone, Pro Se, St. Paul, Minnesota.

Cheri M. Sisk, Esq., City of St. Paul Attorney's Office, St. Paul, Minnesota.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendant City of St. Paul's (the "City") Motion to Dismiss [Doc. No. 10]. This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. (Order of Reference) [Doc. No. 16]. For the reasons stated below, the Court recommends the Motion to Dismiss be granted.

**I.    BACKGROUND**

Plaintiff Patrick A. Carlone ("Plaintiff") initiated this lawsuit on December 19, 2016, and filed his Amended Complaint three months later. (Compl.) [Doc. No. 1]; (Am. Compl.) [Doc. No. 4]. Plaintiff alleges he is the "beneficial owner" of a vacant property in St. Paul, Minnesota (the "Property"), which he "acquired . . . with the intention of constructing a new home thereon." (Am. Compl. ¶¶ 4–5). On November 18, 2016, the City issued a Vehicle Abatement Order to

John Carlone, the listed property owner.[1] (Vehicle Abatement Order, Ex. A, Attached to Aff. of Cheri M. Sisk, "Sisk Aff.") [Doc. No. 13-1].[2] Plaintiff alleges that the City "threatened" to tow the three inoperable vehicles he had placed on the property for the planned construction.[3] (Am. Compl. ¶¶ 6, 8). John Carlone appealed the Vehicle Abatement Order, and the Legislative Hearing Officer recommended that the City Council deny the appeal and grant John Carlone an extension until December 14, 2016, to remove the vehicles. (Ex. B, Attached to Sisk Aff.). The City Council adopted the recommendation on December 7, 2016. (*Id.*). Plaintiff alleges that the City Council affirmed the City's decision, which made "the action a policy or custom" of the City. (Am. Compl. ¶ 9). Plaintiff alleges that, based on the City's actions, he "was forced to abandon his attempt to construct a new home on the premises." (*Id.* ¶ 11). Plaintiff alleges that he was deprived of his property without due process of law, raising a claim under 42 U.S.C. § 1983, for violations of his constitutional rights under the Fifth and Fourteenth Amendments. (*Id.* ¶¶ 10, 12).

On April 21, 2017, the City filed its Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction. Specifically, the City argues that Plaintiff's claim challenges the City Council's quasi-judicial decision, for which the sole option for review is a writ of certiorari to the Minnesota Court of Appeals. (City's Mem. in Supp. of its Mot. to Dismiss, "Mem. in Supp.") [Doc. No. 12 at 3–4] (citing *Zweber v. Credit River Twp.*, 882 N.W2d 605, 610 (Minn. 2016); *County of Washington v. City of Oak Park Heights*, 818 N.W2d 533, 539 (Minn. 2012)). The

---

[1] At the hearing, the parties clarified that John Carlone is Patrick Carlone's son.
[2] The exhibits attached to the Sisk Affidavit, which are filed as a single document at Doc. No. 13-1, are embraced by the Amended Complaint because the Amended Complaint refers to the actions described in the exhibits. Therefore, the Court may consider them in the context of a motion to dismiss. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).
[3] Specifically, the vehicles were to be used as a construction office, storage shed for tools, and break or lunch room for construction workers. (Am. Compl. ¶ 6).

City further alleges that the Amended Complaint does not specify why the City Council's actions were improper or what due process was lacking, and therefore, it fails to state a claim upon which relief may be granted. (*Id.* at 4).

The Court heard oral argument on June 19, 2017, and the matter is now ripe for adjudication. (Minute Entry Dated June 19, 2017) [Doc. No. 26].

## II. DISCUSSION

The Court discusses each of the City's arguments in turn.

### A. Subject Matter Jurisdiction

#### 1. Legal Standard

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013) (Tunheim, J.). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

#### 2. Analysis

The City argues that this Court lacks jurisdiction because a writ of certiorari to the Minnesota Court of Appeals is the only method by which Plaintiff may challenge the City's quasi-judicial determination. *See* (Mem. in Supp. at 3–4). Thus the City challenges the Amended Complaint on its face. *See Titus*, 4 F.3d at 593.

3

The Court agrees that the City's decision was quasi-judicial in nature because it was an act affecting Plaintiff's rights similar to the way his rights would be affected in a judicial proceeding. *See Interstate Power Co. Inc. v. Nobles County Bd. of Comm'rs*, 617 N.W. 566, 574 (Minn. 2000) (stating that "quasi-judicial acts . . . affect the rights of a few individuals analogous to the way they are affected by court proceedings").

The City argues that "the facts alleged in the Amended Complaint relate solely to the quasi-judicial decision of the City Council." (Mem. in Supp. at 4); *see County of Washington*, 818 N.W.2d at 542 ("When the underlying basis of the claim requires review of a municipality's quasi-judicial decision to determine its validity, the exclusive method of review is by certiorari under chapter 606."). While the City is correct that the Amended Complaint "relates" to the City Council decision, that is not sufficient to find a lack of subject-matter jurisdiction. The City fails to explain how a state-created certiorari procedure deprives a federal court of jurisdiction over a claim under a federal statute. Section 1983 is the appropriate vehicle to challenge allegedly unconstitutional actions of a local government or its officials. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). In fact, federal courts in this District have considered the merits of similar claims. *See, e.g.*, *Smithrud v. City of Minneapolis*, No. 10-cv-4451 (JNE/JSM), 2012 WL 4128958, at *1, 6–7 (D. Minn. Sept. 18, 2012) (Ericksen, J.) (considering whether plaintiff who challenged a city decision stated claims under federal law where state court had determined that appropriate procedure was to obtain a writ of certiorari to the Minnesota Court of Appeals). The cases on which the City relies are Minnesota state court cases, which do not address federal jurisdiction nor do they establish binding precedent. *See* (Mem. in Supp. at 3–4) (citing *Zweber*, 882 N.W.2d at 610; *County of Washington*, 818 N.W.2d at 539). The sole federal case to which the City cites addresses only state law claims, not federal claims, much less 42

U.S.C. § 1983. *See* (Mem. in Supp. at 5) (citing *Herbert v. Winona County*, No. 15-cv-469 (RHK/JJK), 2015 WL 3938194, at *4 (D. Minn. June 26, 2015) (Kyle, J.)).

Thus, the Court concludes the City's arguments about subject matter jurisdiction are without merit. The Court recommends that the Motion to Dismiss be denied to the extent it seeks dismissal due to lack of subject-matter jurisdiction. Even if this Court has subject-matter jurisdiction, however, Plaintiff has failed to state a claim upon which relief can be granted.

### B.     Failure to State a Claim

#### 1.     Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only a short plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (citation and internal quotation marks omitted). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. The complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Pro se pleadings must be construed liberally, but they "may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). A court accepts the facts alleged in the complaint as true, and grants "reasonable inferences in favor of the nonmoving party." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012). When considering a motion to dismiss under Rule 12(b)(6), the Court may consider materials embraced by the pleadings. *Zean*, 858 F.3d at 526.

## 2. Analysis

To establish that the City violated his substantive due process rights, Plaintiff "must demonstrate that a fundamental right was violated and the conduct shocks the conscience."[4] *See Atkins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009) (footnote omitted). Here, Plaintiff's Amended Complaint establishes neither. The record demonstrates that Plaintiff is not the owner of the Property,[5] and Plaintiff does not allege facts that demonstrate that his rights, as the self-proclaimed "beneficial owner," were violated. *See* (Am. Compl. ¶ 4); (Vehicle Abatement Order). Further, there is nothing described in the Amended Complaint that shocks the conscience, even construing it liberally and taking all allegations as true. Therefore, the Court recommends that the Motion to Dismiss be granted to the extent it seeks dismissal based on failure to state a claim.[6] *See* Fed. R. Civ. P. 12(b)(6).

## III. RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant City of St. Paul's Motion to Dismiss [Doc. No. 10] be

---

[4] Plaintiff does not specify whether he is raising a substantive due process claim or a procedural due process claim. *See generally* (Am. Compl.). Plaintiff alleges that the City's decisions to deprive him of his property violated his constitutional rights. *See* (*id.*). He does not allege that the specific methods the City used violated his constitutional rights. Therefore, the Court construes the Amended Complaint as raising a substantive due process claim, rather than a procedural due process claim.

[5] It is unclear whether Plaintiff has standing, a matter which the City mentioned but did not substantively address. *See* (Mem. in Supp. at 4) ("Setting aside for now the question of whether the plaintiff has standing to bring this lawsuit . . . ."). Thus, for the purposes of this Report and Recommendation, the Court assumes without deciding that Plaintiff has standing to bring this lawsuit.

[6] Plaintiff's Response to the Motion to Dismiss [Doc. No. 20] purports to add additional constitutional claims, but this is not the appropriate procedure to amend his claims. *See* Fed. R. Civ. P. 15(a) (describing the procedure to amend pleadings before trial); *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[A] complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation marks omitted)). But even if the Court considered these claims, they likewise fail to state a claim upon which relief can be granted.

**GRANTED in part** and **DENIED in part** as described above, and that this case be **DISMISSED WITHOUT PREJUDICE**.

Dated: September 13, 2017

                                                         *s/Steven E. Rau*
                                                         STEVEN E. RAU
                                                         United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).